BERZON, Circuit Judge, concurring: I concur in the majority opinion with the following caveat: As to prospective relief, the majority opinion rests on the proposition that we are required to perform a separate standing analysis for each “form of relief,” and concludes that Davidson’s claims for restitution and for an injunction each qualify as having established standing. There is case law supporting both points, as the opinion states. I write separately to note that duplicating the standing analysis in this way does not give effect to the “case or controversy” requirement of Article III. Instead, it appears to be an artifact of the discredited practice of conflating the prerequisites for injunctive relief with the Article III prerequisites for entry into federal court. Although we held in Hodgers-Durgin v. de la Vina, 199 F.3d 1037, 1040 n.1 (9th Cir. 1999) (en banc), overruling earlier precedents,[1] that City of Los Angeles v. Lyons, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983), requires this result, in my view it does not. Davidson seeks restitution for the premium she paid for a falsely labeled product, and no one doubts that she has standing in federal court to do so. Under California law, if Davidson prevails on her false advertising claim and is entitled to restitution, she is equally entitled to an injunction. See Cal. Bus. & Prof. Code §§ 17202-03; see also Kwikset Corp. v. Superior Court, 51 Cal.4th 310, 120 Cal. Rptr.3d 741, 246 P.3d 877, 894-95 (2011). No additional showing, equitable or otherwise, is needed to trigger her right to injunctive relief. It follows that we have a single dispute—a single case, a single controversy—giving rise to multiple forms of relief. It is mechanically possible, in this case, to define Davidson’s “case or controversy” differently, and to assign the requirements of injury, causation, and redressability separately to each remedy she seeks. But it turns Article III on its head to let the remedies drive the analysis, where' state law clearly envisions those remedies as the product of a single adjudication of a single issue. See Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 131 Cal.Rptr.2d 29, 63 P.3d 937, 943 (2003). And proceeding in. that way fundamentally undermines, substantively, the enforcement of state laws in federal court. Cf. Erie R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) (“Congress has no power to declare substantive rules of common law applicable in a state ...And no clause in the Constitution purports to confer such a power upon the federal courts.”). It was in recognition of this anomaly that the district court in Machlan v. Procter & Gamble Co. remanded only the prospective relief aspect of that similar false advertising case to state court. 77 F.Supp.3d 954, 960-61 (N.D. Cal. 2015). I doubt that is an acceptable option. But the impetus to do that springs from the same problem I have identified—that a defendant should not be able to strip a plaintiff of remedies dictated by state law by removing to federal court a case over which there surely is Article III jurisdiction over the liability issues. Cf. Larson v. Valente, 456 U.S. 228, 238-39, 102 S.Ct. 1673, 72 L.Ed.2d 33 (1982) (“The essence of the standing inquiry is whether the parties seeking to invoke the court’s jurisdiction have alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues ..., ” (internal, quotation marks omitted)). Federal 'Courts have a history of improperly elevating the prerequisites for relief to the status of jurisdictional hurdles. See Lexmark Int’l, Inc. v. Static Control Components, Inc., — U.S. —, 134 S.Ct. 1377, 1387-88 & n.4, 188 L.Ed.2d 392 (2014). Notably, although Lyons is now widely credited as the origin of the rule that injunctive relief always requires its own standing inquiry, see, e.g., Hodgers-Durgin, 199 F.3d at 1040 n.1, that case, as I read it, did not make that jurisdiction/remedy mistake. Rather, after determining that there was " no independent standing to seek injunctive relief, Lyons separately noted that, there was also a pending request for damages. Lyons, 461 U.S. at 111, 103 S.Ct. 1660. The Court then inquired into whether the nonjurisdictional requirements for equitable prospective relief were met, and concluded they were not. Id. at 111-12, 103 S.Ct. 1660. In my view, this aspect of Lyons recognized that there was a case or controversy regarding liability issues because of the damages claim, but precluded injunctive relief on nonjurisdictional grounds specific to the equitable requirements for' such relief— the absence of irreparable harm. Id. Were this not what Lyons meant) the entire discussion of the equitable principles governing prospective relief would have been superfluous. Conflating the elements of relief with the elements, of standing is of little consequence in most cases following Lyons. Where the availability of injunctiye relief is governed by federal common law, the common-law prerequisites for injunctive relief must' eventually be" satisfied, and largely mirror the standing prerequisites. See also, e.g., Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 184-88, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (conducting a separate standing analysis of civil penalties, but concluding that deterrence of ongoing harm suffices for constitutional standing). But collapsing the inquiries becomes problematic when it imposes substantive limits on the availability of relief under state law,- in the service of constitutional interests that aren’t actually under threat. I nonetheless concur fully in the majority opinion. Hodgers-Durgin is binding law, and it does require a separate standing analysis with regard to prospective relief. As the majority opinion well explains, as long as a separate standing analysis is necessary despite the state prescription of more or less automatic prospective relief, that requirement is met here. . See Smith v. City of Fontana, 818 F.2d 1411, 1423 (9th Cir. 1987) (holding that a damages claim satisfies Article III standing with respect to other forms of relief “involv[ing] the same operative facts and legal theory”); Giles v. Ackerman, 746 F.2d 614, 619 (9th Cir. 1984) (treating the presence of a related damages claim as satisfying Articlé III standing, thereby allowing- the court to ■ consider "whether relief in addition to damages is appropriate"); Gonzales v. City of Peoria, 722 F.2d 468, 481 (9th Cir. 1983) (concluding that the presence of a damages claim “presented] a case in controversy as to injunctive relief”).